(Reap. Dec. 10869)

AIMCEE WHOLESALE CORP. *v.* UNITED STATES

Entry No. 480381.

(Decided December 9, 1964)

*Barnes, Richardson & Colburn* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

FORD, Judge: The appeal for reappraisement listed above has been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, subject to the approval of the court, as follows:

1. That the involved merchandise was entered on or after the effective date of the Customs Simplification Act of 1956 (Public Law 927, 84th Congress, T.D. 54165) and is not identified on the Final List published by the Secretary of the Treasury pursuant thereto (T.D. 54521).

2. That on or about the date of exportation, the price at which such or similar merchandise was freely sold or offered in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, said price including the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States was equal to the invoice unit value, net.

3. The appeal may be submitted on this stipulation, the same being limited to the merchandise and the issues described hereinabove and abandoned in all other respects.

Accepting this stipulation as a statement of facts, I find and hold that the involved merchandise was entered on or after February 27, 1958; that the involved merchandise was not listed on the final list of articles published in T.D. 54521, effective February 27, 1958; and that export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, and T.D. 54521, effective February 27, 1958, is the proper basis for the determination of the value of the merchandise here involved, and I find and hold that such statutory value is the invoice unit value, net.

The above appeal is limited to the merchandise and the issues described hereinabove and abandoned in all other respects.

Judgment will be rendered accordingly.